## HAGEDORN et al. v. ST. LOUIS PERPETUAL INSURANCE COMPANY.

*If freight be not earned in consequence of events not attributable to the shipper, any advance made on it must be returned, unless there be an agreement to the contrary.*

APPEAL from the Fourth District Court of New Orleans, *Strawbridge*, J. *Bradford*, for the plaintiffs. *Hunton*, for the appellants. The judgment of the court was pronounced by

EUSTIS, C. J. This is an action brought by the plaintiffs, as assignees of a policy of insurance for $1,600, or charter party, of the schooner Planet, from New Orleans to Barita, via the Havana. There was judgment for the plain, tiffs, and the defendants have appealed.

The judge of the Fourth District Court of New Orleans, who tried the cause, considered that there was no substantial defence to the action, and gave his reasons in writing for his opinion, which, on a motion for a new trial, at the instance of the counsel for the defendants, were reconsidered by him without producing any change in his original views of the case. In these views we concur.

It is contended that the insurable interest in the owner of the schooner, for whose benefit the insurance was made, was diminished by the receipt of $800 advance on the freight made by the plaintiffs, who were the charterers in New Orleans, and that that sum must be deducted from the amount due on the policy. We are satisfied that it was merely an advance on the freight, and not an absolute payment to be retained at all events: and if the freight be not earned by events not attributable to the shippers, it must be returned, unless there is an agreement to the contrary. After the cases of *Watkins* v. *Duykink*, 3 Johnson, 335, and *Griggs* v. *Austin*, 3 Pick. 22, the law on this subject must be considered as settled,                         *Judgment affirmed.*